**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

CIVIL ACTION NO. 11-102-JBC

DORINDA BRAUNTZ                                                                 PLAINTIFF

V.                              MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                 DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on Brauntz's motion for an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d).  R. 18.  Because an award of EAJA fees is appropriate, but not at the requested hourly rate, the court will grant the fees motion in part and deny it in part.

Brauntz's attorney, Shoshana Pehowic, seeks fees of $170.00 per hour for work in a successful appeal of the Commissioner's administrative denial of her application for disability benefits for a total of $2,465.00 based upon a claim of 14.5 hours of work.  R. 18.  Pehowic also seeks $445.00 in expenses.  *Id*.  The Commissioner does not contest that Brauntz was the prevailing party and concedes that the Commissioner's position was not substantially justified.  R. 21. The Commissioner objects to the hourly rate requested by Pehowic, to her claim for .5

1

hours for work preparing a *pro hac vice* motion and to the award of the cost of the *pro hac vice* filing fee. *Id.*

28 U.S.C. § 2412(d)(2(A), as amended in 1996, provides that the fees "shall be based on prevailing market rates for the kind and quality of services furnished, except that…attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

The court does not find that Pehowic's request for an hourly rate of $170.00 is supported by evidence of similar amounts being billed and paid in the Northern Division of the Eastern District of Kentucky. The plaintiff must provide evidence that the rates she requests are in line with the prevailing rates in the community. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In support of the claim, Pehowic cites a number of articles indicating that the prevailing market rate for attorneys in Cincinnati is above the $125.00 cap, such as an article from *LRS News*, a 1998 survey from the Cincinnati Bar Association, an article from *Ohio Lawyer*, and a survey of lawyers working in downtown Cincinnati all being paid hourly fees well above the $125.00 statutory cap.[1] The relevant community, although a somewhat

---

[1] Pehowic indicates that these articles have been attached as exhibits A-D. R. 18. However, the record contains no attachments. The same argument was made by Pehowic in the case of *Nesbitt v. Astrue*, Covington Civil Action Number 11-19-GWU, R. 20, with the aforementioned exhibits included in the record. Thus, the court was able to review the evidence despite the omission.

fluid concept, has been defined as the same metropolitan area as the one in which the case was brought. *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). These reports relate primarily to Ohio and do not establish that lawyers practicing in the Social Security disability field in the Northern Division of Kentucky are receiving such levels of compensation. Reasonable fees are those which are in line with those prevailing in the community for similar services. *Blum v. Stenson*, 465 U.S. 886, 895 n. 11. (1986). Therefore, Pehowic has not established that the prevailing hourly rate for attorneys practicing in the Social Security field in the Northern Division of the Eastern District of Kentucky is above the statutory limit of $125.00.

Since this threshold has not been met, it is unnecessary to reach the issue of increases in the cost of living. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992) ("after the district court determines, based on the evidence in the record, the prevailing market rate for attorney's services of the kind and quality rendered in this case, it should next consider and determine, as an exercise of its discretion, whether increases in the cost of living justify an award in excess of the [statutory minimum]." Thus, the court finds that an hourly rate of $125.00 is appropriate.

The defendant objects to Pehowic's claiming .5 hours of time in preparing her *pro hac vice* motion and asserts that this should not be allowed as a cost. The defendant asserts that many experienced attorneys would be available to take

Brauntz's case in the Northern Kentucky area. Because Brauntz could have hired one of them, the time and expense of a *pro hac vice* motion was unnecessary. However, Pehowic represented the plaintiff before the Administration as well as in her appeal to the court. R. 22. Had Brauntz employed a different attorney for the appeal to federal district court, the attorney would have required time to familiarize herself with the case and would likely have incurred several additional billable hours. By continuing her representation, Pehowic helped Brauntz avoid such fees. Thus, the .5 hours of time spent preparing this motion should be allowed.

The court will therefore award attorney's fees pursuant to EAJA in the amount of $1,812.50 (14.5 hours x $125.00 per hour), but these fees are awarded to Brauntz, not her attorney, and are subject to a government offset to satisfy any pre-existing debt that Brauntz may owe to the United States government.

Finally, the defendant also objects to the $95.00 filing fee for the *pro hac vice* motion being assessed as a cost. Only items specifically listed in 28 U.S.C. § 1920 are compensable as costs. *West Virginia University Hospital v. Casey*, 499 U.S. 83, 86-87 (1991). These costs include (1) fees of the clerk and Marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees and exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under § 1923 of this title; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. The

4

defendant notes that several courts have found that a *pro hac vice* motion application fee is not a taxable cost under the statute. See *Magaldi v. Safeco*, 2009 WL 1851102 (S.D. Fla. June 29, 2009); *Eagle Ins. v. Johnson*, 982 F.Supp. 1456, 1459-1460 (M.D. Ala. 1997). However, other courts have found that the fee for *pro hac vice* motion qualifies as a compensable cost under the statute. See *Pecha v. Barnhart*, 2008 WL 3850388 (W.D. Wis. 2008); *Disabled Patriots of America, Inc. V. HT West End, LLC*, 2007 WL 789014 (N.D. Ga. 2007). In the absence of controlling authority from the Sixth Circuit Court of Appeals, the court finds that the application fee for the *pro hac vice* motion should regarded as a fee of the clerk and allowed as cost because the motion enabled Brauntz to avoid the time and expense of utilizing another attorney. This is in addition to the $350.00 filing fee which is not contested by the defendant as a cost. Accordingly,

**IT IS ORDERED** that the plaintiff's application for EAJA fees is **GRANTED IN PART** and **DENIED IN PART**; the plaintiff is awarded attorney's fees of $1,812.50 (14.5 hours x $125.00 per hour) and $445.00 in costs.

Signed on January 1, 2013

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY